## McWHORTER *v.* O'NEAL.

1. As a general rule, equity will not decree the reformation of an instrument at the instance of one who is a mere volunteer and who was not a party to the instrument.
2. It is error for a judge to instruct the jury upon an issue made by the pleadings which has been expressly abandoned in open court during the progress of the trial, and in a close case this will be a sufficient reason to require a new trial.
3. Other than as above indicated, there was no error requiring the granting of a new trial.

Submitted May 19,—Decided June 14, 1905.

Equitable petition. Before Judge Lewis. Greene superior court. December 31, 1904.

Joshua O'Neal filed an equitable petition against Edith McWhorter and her guardian, B. F. McWhorter. The petition alleged, that Anna O'Neal, wife of the plaintiff, died intestate, leaving him as her sole heir; that she left no debts, and he was entitled to take possession of her estate without administration; that after her death he was approached by B. F. McWhorter, who fraudulently represented to him that his wife had left a valid will giving her property to the defendant Edith McWhorter; and that McWhorter thereupon, by the use of fraud and misrepresentations, induced him to sign a paper relinquishing his interest in his wife's estate to Edith McWhorter, who was his wife's niece. The paper thus signed was a contract with B. F. McWhorter, as guardian of Edith McWhorter, in which the plaintiff agreed "to release unto the said second party all claims or titles to all live stock of every kind, all provisions and sup-

plies, farming utensils, all growing crops for the present year, on lands in Penfield, Ga., owned by Mrs. Anna O'Neal at the time of her death, that he, the said first party, might have to any of said property," and McWhorter, as guardian, agreed to release to the plaintiff certain property owned by Mrs. O'Neal, not included in the foregoing description; and it was declared that "this contract is to adjust and settle all differences between the parties to this contract, and is made for the special purpose of avoiding any litigation between said parties." The plaintiff delivered to McWhorter a large amount of the personalty, a list of which is attached to the petition. The petition alleged, that McWhorter was the brother of the plaintiff's wife, that the plaintiff had great confidence in him, and that the contract was the result of surprise and gives an undue advantage to McWhorter. The plaintiff prayed for a cancellation of the contract. The defendants filed an answer, in which they denied the allegations of fraud, surprise, misplaced confidence, etc. By way of special plea they alleged, that, prior to her marriage to the plaintiff, Mrs. O'Neal (then Mrs. Grant) executed a will, in which she left practically her entire estate to Edith McWhorter; that after the marriage, for the express purpose of making the will effective, the plaintiff and his wife entered into a contract, the material parts of which are in substance as follows: Joshua O'Neal agrees, for a consideration herein contained, to bequeath and give to Anna O'Neal in fee simple all rights that he may have in described real estate; and in consideration of such gift, Anna O'Neal agrees to relinquish her right to dower, homestead, year's support, or in any way whatever, in property of Joshua O'Neal other than that described. The object of this agreement is to prevent any disagreement that may occur in the event of the death of either of the parties hereto. (The agreement is set out in full in 121 *Ga.* 540.) It is alleged, that, at the time this agreement was entered into, it was the intention of the parties that neither should inherit from the other in case of his or her death, and that the purpose of the contract was to make the will effective; that the contract made by plaintiff with McWhorter was for the purpose of carrying out this intention; that plaintiff well knew of his wife's will, and knew that it was the only will in existence after her death which was made by her. The prayer of the

answer was that the contract of plaintiff with McWhorter and the agreement between plaintiff and his wife be carried out. At the trial the defendants offered an amendment to their plea, in which amendment it was alleged, that the plaintiff did not have any rights as heir at law of his wife, because he had relinquished the same by his agreement with her; that if the paper does not show this to be a proper construction of its terms, it is ambiguous; and it was prayed that if the paper should be construed so as not to prevent the plaintiff from inheriting from his wife, it be reformed so as to contain such provisions.     On August 10, 1904, the court passed an order refusing to allow this amendment.     The plaintiff filed a written demurrer to the special plea referred to, and moved to strike that portion of the answer and the exhibits relating thereto, for the reason that it was not alleged that the will was a valid will, or had ever been probated; that the contract between O'Neal and his wife is unambiguous, and is irrelevant to the present issue ; and nothing alleged in the plea or set out in the exhibits constitutes any defense to the action; and also upon the ground that the contract between Mrs. O'Neal and her husband is void, not having been approved by a judge of a superior court.     On August 10, 1904, this demurrer was sustained.     The trial resulted in a verdict in favor of the plaintiff and a decree for cancellation.     The defendants made a motion for a new trial, which was overruled. They assign error upon the exceptions pendente lite taken to the refusal to allow the amendment, and also on the judgment overruling the motion for a new trial.     No exception was taken to the judgment sustaining the demurrer to the plea.

*James Davison* and *James B. & Noel P. Park*, for plaintiffs in error.     *Samuel H. Sibley*, contra.

Cobb, J.   1. The amendment to the plea was offered and rejected on the same day that the portion of the plea which was sought to be amended was stricken on demurrer.   It does not appear which order was passed first.   If the original plea was actually stricken before the amendment was offered, that would have been a good reason for disallowing the same.   On the other hand, if the amendment was offered and rejected before the plea was stricken, the amendment should not have been rejected un-

less it was bad in substance.   But without reference to this question, we think the amendment was properly disallowed, because it was bad in substance.   The contract between O'Neal and his wife was sought to be reformed at the instance of Edith McWhorter, who was a mere volunteer, and who had no interest whatever in the subject-matter of the contract at the time of its execution.   Even the contingent interest as a prospective legatee, which she had under the will of her aunt, executed before the latter's marriage to O'Neal, did not exist at the time this contract was signed.   The power of a court of equity to reform contracts is one exercised with caution, even at the instance of the parties or claimants for value, and the circumstances must be peculiar in their nature before a court of equity will interfere at the instance of a volunteer, if it will interfere at all at the instance of such a party.   *Gould* v. *Glass*, 120 *Ga.* 51 (5).   There was nothing in the averments of the plea which would make the case such a peculiar one as to take it out of the general rule refusing the equitable relief of reformation to a mere volunteer.

2. The plaintiff attacked the contract sought to be cancelled, upon two grounds, alleging first that it was obtained by fraud, and secondly that it was without any consideration.   He would have been entitled to prevail if he established either of these propositions.   Counsel for the plaintiff in open court abandoned the contention that the contract was without consideration, and thus practically admitted that if the fraud alleged was not established the defendants would be entitled to prevail.   The judge in his charge submitted to the jury both the issue of fraud and the question of consideration, and error is assigned upon a portion of the charge in which it is stated that one of the contentions of the plaintiff was that the contract was without consideration.   We think this was such an error as would require the granting of a new trial.   The evidence was sharply conflicting on the question of fraud, and was of such a character that a jury might with propriety find either way.   It is possible that some of the jurors might have been unwilling to find for the plaintiff on this issue, and still have thought that they were authorized under the charge to consider the question whether the contract was without consideration, and may have erroneously reached the conclusion that it was.   The effect of the charge, therefore, was to

give to the plaintiff the benefit of a theory set up in the pleadings, but which had been expressly abandoned in open court.

3. With the exception above indicated, the charges complained of were free from any substantial error. Those grounds of the motion for a new trial which allege that the verdict is contrary to specified portions of the charge raise no question for decision, and it is useless to encumber a motion for a new trial with such grounds. If the verdict is contrary to the charge of the court, and the charge is correct, the general grounds of the motion, when considered in the light of the evidence, are sufficient to authorize the granting of a new trial. There was no error in rejecting the evidence of witnesses as to what was the intention of the parties at the time the contract between O'Neal and McWhorter was made. The contract was unambiguous and spoke for itself. Nor was there any error in rejecting the evidence of declarations by Mrs. O'Neal to third persons of affection for her niece. The cordial and affectionate relations existing between the two could be proved by acts and conduct, as was held by the court. The deed from the near relatives of Mrs. O'Neal, who would have been her heirs if she had been unmarried at the time of her death, to Edith McWhorter, was irrelevant to the issue on trial and properly rejected. The evidence as to the existence of relatives of Mrs. O'Neal's former husband was irrelevant, but its admission would not alone have been sufficient to require the granting of a new trial. There was no error in any of the other rulings complained of.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*